UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES STEVENSON, | No. C 12-2497 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| SAN FRANCISCO COUNTY JAIL MEDICAL SERVICES; et al., | |
| Defendants. | |

## INTRODUCTION

Charles Stevenson, an inmate at the San Francisco County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

Stevenson alleges in his complaint that his cane was taken from him and, since then, he has fallen twice in jail. He also alleges that the medications he is taking are "abrasive to [his] organs," Complaint, p. 3, and wants those medications to be changed. Finally, he contends that he did not receive a response to a medical request slip he wrote on April 15, 2012 about blood in his stool and back pain.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).[1] A serious medical need exists when failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) (quoting *Estelle*, 429 U.S. at 104), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

---

[1] It is unclear from the complaint whether Stevenson was a pretrial detainee or a convict at the relevant times. His status affects the constitutional provision under which his claims arise: a pretrial detainee's claims about conditions of confinement arise under the Fourteenth Amendment's Due Process Clause, while a convict's claims arise under the Eighth Amendment's Cruel and Unusual Punishment Clause. Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996).

The complaint is lacking in necessary detail as to the several claims asserted. The lack of detail prevents the court from determining which claims deserve a response and from whom, and also would prevent individual defendants from framing a response to the complaint. Stevenson must file an amended complaint to correct the following deficiencies.

First, Stevenson must allege facts suggestive of deliberate indifference to serious medical needs. It is not enough to merely identify the medical needs – a plaintiff also must allege deliberate indifference to those needs by a defendant in order for a constitutional violation to be alleged. For each alleged inadequate response to his medical needs, Stevenson should in his amended complaint (a) describe the medical need, (b) identify the date(s) on which the medical treatment was refused, (c) identify who refused to provide medical treatment, (d) describe how he alerted that person to his need for medical treatment, and (e) state how the refusal to provide medical treatment affected him. With regard to his cane, he must allege who took the cane away from him, and allege that the person did so with deliberate indifference to Stevenson's need for a cane.

Second, Stevenson must link defendants to his claim(s). As to every individual defendant he seeks to hold liable, Stevenson must name him/her in his amended complaint and must allege his claim(s) against him/her. In his amended complaint, he should describe what each defendant did (or failed to do) that caused a violation of his constitutional rights so that each proposed defendant has fair notice of his allegedly wrongful conduct. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under § 1983 arises only upon a showing of personal participation by a defendant). There is no respondeat superior liability in a § 1983 action, i.e., no liability just because one employs the alleged wrongdoer. Defendant "Jail Medical Services" has no liability merely for employing an alleged wrongdoer because that would be impermissible respondeat superior liability.

Third, for each of his claims, Stevenson must allege whether he was a pretrial detainee or a convict at the time of the events in question. As explained in footnote 1, Stevenson's status matters because claims about medical care arise under the Eighth Amendment for convicts and under the Fourteenth Amendment for pretrial detainees.

3

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **October 5, 2012**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: August 30, 2012

_____
SUSAN ILLSTON
United States District Judge